### In re HOLLEY GARDEN APARTMENTS, LTD., Debtor.

**Bankruptcy No. 97–07458–6B1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 22, 1998.

Kenneth D. Herron, Jr., Orlando, FL, for Debtor.

Jeffry R. Jontz, Orlando, FL, for Condor One, Inc.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Condor One, Inc.'s, Objection to Debtor's amended Disclosure Statement (Doc. 95). Appearing before the Court were Kenneth D. Herron, Jr., attorney for Debtor, Holley Garden Apartments Limited; and Jeffrey Jontz, attorney for Condor One, Inc. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Holley Garden Apartments Limited ("Debtor") is a Florida limited partnership formed in 1979. The primary asset of the Debtor is an apartment building, Holley Garden Apartments, located in Orlando, Florida ("Holley Garden").

The Debtor executed a promissory note, secured by a first mortgage, a collateral assignment of Leases and Rents on Holley Garden, and a security agreement ("loan documents") on personal property, in favor of DRG Funding Corporation ("DRG") in December 17, 1986. The promissory note was in the principal sum of $4,035,100.00 with an annual interest rate of 9.75%.

DRG assigned its loan documents, to the Secretary of Housing and Urban Development by virtue of an assignment agreement on July 1992. The Debtor, as part of its efforts to negotiate its default under the loan, entered into a Provisional Workout Arrange-ment ("PWA"), which became effective April 1995. The PWA prohibited HUD from enforcing its rights under the loan documents so long as the Debtor performed all its obligations under the agreement.

In May 1995, HUD conveyed all its rights in Holley Garden, including the PWA, to Condor, One Inc., ("Condor"). Condor sought judicial foreclosure of its secured interests in the Circuit Court of Orange County, Florida after the Debtor defaulted on the PWA and loan documents. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 11, 1997.

Condor has a claim against the Debtor in the amount of $4,922,423 .33 as of the commencement of the bankruptcy case (Doc. 92). Condor's secured claim is valued at $3,600,-000.00. The unsecured deficiency portion of Condor's claim is $1,322,423.33. (Doc. 99).

The Debtor sought approval of its amended disclosure statement (Doc. 95) and amended plan of reorganization ("amended plan") (Doc. 94) filed in February 9, 1998. The amended plan purported to create eight classes of claims and interests.[1] The secured claim of Condor is impaired and it is dealt with in Class 5 of the amended plan. The amended plan treats Condor's secured claims as follows:

(1) The principal amount of the note shall be $3,600,000.00, less the amounts paid to Condor as adequate protection; (2) interest shall accrue at a rate of 8.5% per annum; (3) the debt shall be fully amortized over a period of two-hundred and eighty-eight months (i.e., twenty four years). All amounts due under the note and mortgage shall become due and payable on December 1, 2021. Payments shall commence 30 days from the confirmation

---

1. The proposed classes are as follows:
   Class 1—This class consists of all Allowed Secured Claims, not otherwise classified by the Debtor in the plan.
   Class 2—This class consists of the claim of Earl K. Wood, as tax collector for Orange County, Florida for real property taxes due for 1997.
   Class 3—This class consists of the claim for tangible personal property taxes due for 1997.
   Class 4—This class consists of the claim of the city of Orlando, Florida.
   Class 5—This class consists of the allowed secured claim of Condor.
   Class 6—This class consists of any unsecured deficiency portion of the allowed claim of Condor, which is valued at $1,322,423.33.
   Class 7—This class consists of the allowed unsecured claims, except for any claims in Class 6.
   Class 8—This class consists of the allowed interests of the Debtor.

of the amended plan; (4) Condor retain the lien securing this allowed claim.

Condor's deficiency claim of $1,322,423.33 has been separately classified from all other allowed unsecured claims in class 6 of the amended plan. The Debtor proposes to provide Condor a promissory note in the amount of $150,000.00 or 15% of its allowed unsecured claim, whichever is less. The note shall not pay accrued interest and payments are set for one hundred twenty equal monthly payments commencing sixty days from the amended plan's confirmation. Class 6 is impaired and Condor does not consent to its provisions.

Condor filed an objection to the Debtor's amended disclosure statement on the basis that the Debtor's amended plan cannot be confirmed. Condor argues that the Debtor has gerrymandered classes 6 and 7 of the amended plan for an impermissible purpose, primarily to obtain an impaired consenting class.[2] Condor could block confirmation of the impaired unsecured creditor's vote if its claim is classified in class 7. The Debtor proposes to pay its general unsecured creditors (class 7) the principal amount of $35,000 or 15% of the aggregate amount of the unsecured claims. Unsecured creditors in class 7 are not treated any differently from Condor's unsecured deficiency claim in class 6 since both classes are to receive at a least 15% of its allowed unsecured claim.

No legitimate business justification has been offered by the Debtor for separate classification of Condor's deficiency claim from other general unsecured claims in class 7. Tracy Heath, the Debtor's representative, testified she separated Condor's deficiency claim from all other general unsecured claims "because my attorney said so." She further testified that "the only thing I can think of that's really obvious [for separately classifying] is that [Condor has] the option of making [its] 1111(b) election." (Doc. 120 at 8).

The objection filed by Condor to the Debtor's amended disclosure statement is sustained based upon the amended plan filed by

the Debtor cannot be confirmed pursuant to 11 U.S.C. § 1129.

## CONCLUSIONS OF LAW

The issue to be determined is whether the Debtor's separate classification of Condor's unsecured deficiency claim from that of other unsecured claims is an improper classification without a legitimate business justification. The answer is in the affirmative.

Condor asserts that the Debtor's separate classification of its unsecured deficiency claim from that of other unsecured claims is "gerrymandering" of classes in contravention of section 11 U.S.C. § 1122(a). Section 1122 governs the classification of claims and it provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class. *Id.*

This section bars the aggregation of dissimilar claims in the same class, but does not explicitly address whether similar claims must be placed in the same class. *See e.g. Boston Post Rd. Ltd. Partnership v. FDIC (In re Boston Post Rd. Ltd. Partnership)*, 21 F.3d 477 (2d Cir.1994), *cert. denied* 513 U.S. 1109, 115 S.Ct. 897, 130 L.Ed.2d 782 (1995).

The majority of circuits that have examined the treatment of similar claims have held that the proponent of a plan must demonstrate a justification for its classification scheme and that the classification is not motivated by the purpose of gerrymandering an affirmative vote of an impaired class. *See In re Boston Post Rd. Ltd. Partnership*, 21 F.3d at 483, *cert. denied* 513 U.S. 1109, 115 S.Ct. 897, 130 L.Ed.2d 782 (1995); *John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs.*, 987 F.2d 154 (3rd Cir.1993), *reh'g denied* (1993); *Travelers Ins. Co. v. Bryson Properties, XVIII (In re Bryson Properties)*, 961 F.2d 496 (4th Cir.1992), *cert. denied* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992); *Phoenix Mut. Life Ins. Co. v. Grey-*

---

2. Unsecured creditors placed in class 7 have indicated they will likely vote in favor of the

Debtor's amended plan and disclosure statement.

*stone III Joint Venture (Matter of Greystone III Joint Venture)*, 995 F.2d 1274 (5th Cir. 1991), *cert. denied* 506 U.S. 821, 822, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992); *Lumber Exch. Bldg. Ltd. Partnership v. Mut. Life Ins. Co. of New York (Matter of Lumber Exch. Bldg. Ltd. Partnership)*, 968 F.2d 647 (8th Cir.1992).[3] "[T]he one clear rule that emerges from otherwise muddled caselaw on § 1122 claims classification [is] thou shalt not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan." *Greystone III*, 995 F.2d at 1279. Classification is constrained by two straight-forward rules: "Dissimilar claims may not be classified together; similar claims may be classified separately only for a legitimate reason." *In re Chateaugay Corp.*, 89 F.3d 942, 949 (2nd Cir.1996).

■ The Debtor has failed to establish a justifiable business reason for separately classifying Condor's deficiency claims in class 6 from the general unsecured creditor claims in class 7. Tracy Heath, the Debtor's agent, testified that the Debtor had no business reason for its separate classification other than it acted on the advice of its attorney and was told that Condor's deficiency claim could be placed in a separate class. The unsecured creditors in class 7 are not treated any differently than Condor's deficiency claim since both classes are to receive 15% of its allowed unsecured claim. The Debtor is manipulating the terms of its amended plan by classifying Condor's deficiency claim in an attempt to obtain the approval of at least one class of impaired claims in order to attempt cramdown of its plan under section 1129(b).

■ The Debtor argues that separate classification of Condor's deficiency claim is required since the claim is legally different from general unsecured claims. On this issue, the Debtor relies primarily on *In re Woodbrook Assoc.*, 19 F.3d 312 (7th Cir.1994)

and *In re SM 104 Ltd.*, 160 B.R. 202 (Bankr. S.D.Fla.1993). This minority view has been rejected by other circuit courts, *see In re Barakat*, 99 F.3d 1520, 1525 (9th Cir.1996) *cert. denied,* —— U.S. ——, 117 S.Ct. 1312, 137 L.Ed.2d 475 (1997); *In re Boston Post Rd. Ltd.*, 21 F.3d at 483; *In re Greystone III Joint Venture*, 995 F.2d at 1279–80; *In re Lumber Exchange Bldg. Ltd.*, 968 F.2d at 649 ("How the claims of [the deficiency unsecured creditor] and the trade creditors achieved their status does not alter their current legal character and thus not warrant separate classification."). Because there is no unique legal distinction between Condor's deficiency claim and the general unsecured creditors, separation of class 7 is not mandated by operation of law.

Based upon the foregoing, the Court finds that the Debtor has failed to prove a business justification for its separate classification of Condor's deficiency claim. The Debtor has impermissibly attempted to construct its amended plan for the prohibited reason to obtain an impaired assenting class. Accordingly, Condor's objection to the Debtor's amended disclosure statement on the grounds of improper classification of its deficiency claim is due to be sustained.

---

3. The Eleventh Circuit has not directly spoken on the issue regarding treatment of unsecured deficiency claims. *Olympia & York Florida Equity Corp. v. Bank of New York (In re Holywell Corp.)*, 913 F.2d 873 (11th Cir.1990). However, the court noted that "[a]lthough the proponent of a plan of reorganization has considerable discretion to classify claims and interests according to the facts and circumstances of the case, this

discretion is not unlimited. '[T]here must be some limit on a debtor's power to classify creditors ...The potential for abuse would be significant otherwise.' If the plan unfairly creates too many or too few classes, if the classifications are designed to manipulate class voting, or if the classification scheme violates basic priority rights, the plan cannot be confirmed." *Id.* at 880 (citations omitted).