**In re Peter J. PORCELLI, II, Debtor.**

**No. 03–04075–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 5, 2004.

Peggy Burke BeVille, Peacock & Gaffney PA, Clearwater, FL, Steven L. Beiley, Coral Gables, FL, Chad S. Bowen, Jennis & Bowen, PA, David S. Jennis, Jennis & Bowen, PL, Adam C. King, Dennis J. LeVine, Dennis LeVine & Associates, Tampa, FL, Ramona D. Elliott, Washington, D.C., Carla L. Brown Harward, West Palm Beach, FL, Michael C. Markham, Johnson, Pope, Bokor, Ruppel & Burns LLP, Clearwater, FL, David A. O'Toole, Guy G. Ward, Chicago, IL, Rhonda E. Rosenblum, Becket & Lee LLP, Malvern, PA, for Creditors.

Benjamin E. Lambers, Timberlake Annex, Tampa, FL, U.S. Trustee.

Thomas C. Little, Thomas C. Little, PA, Clearwater, FL, for debtor.

Robert J. Wahl, Forizs & Dogali, P.L., Tampa, FL, for trustee.

### ORDER DENYING DEBTOR'S SEPARATE CLASSIFICATION OF THE FEDERAL TRADE COMMISSION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

This is a yet to be confirmed Chapter 11 case of Peter J. Porcelli, II (Debtor) and the matter under consideration is the Debtor's proposed separate classification of the claim of the Federal Trade Commission (FTC) for purposes of confirming the Debtor's Third Amended Plan of Reorganization. At the duly noticed confirmation hearing, the Debtor argued for the separate classification of the FTC and the FTC vehemently opposed such classification. This Court granted the parties leave to file written submissions to this Court with respect to this discrete issue.

Upon review of the written submissions, together with the record of this Chapter 11

case, this Court is satisfied that it is improper to separately classify the FTC as more fully described below.

The Debtor filed for Chapter 11 relief on March 3, 2003. The FTC filed a proof of claim, Claim # 18 in the amount of "approximately 45 million," as a general unsecured claim, with multiple attachments to support the same. The Debtor objected to the claim and this Court held a hearing to consider the Objection. During the interim, the FTC obtained a final judgment against the Debtor and other entities either operated or owned by the Debtor in the United State District Court for the Northern District of Illinois in the amount of $12,563,962.34 (Judgment). Based upon the Judgment, on May 11, 2004, this Court entered an Order determining that the FTC holds an allowed general unsecured claim in the amount of $12,563,962.34.

On or about April 22, 2004, the Debtor filed his Third Amended Plan of Reorganization. The FTC is separately classified as Class VI. Class VI is an impaired class. The Debtor proposes to pay the FTC ten percent (10%) of its allowed claim "in monthly payments for a term of ten (10) years," which "monthly payment[s] shall be based upon the Debtor's net cash flow after expenses and plan payments." The Plan further provides that at the end of the 120 months, the remaining balance shall be due and payable in full in the event of a finding of nondischargeability.

The general allowed unsecured claims are classified together in Class VII. Class VII claims are also impaired; however, the Debtor proposes to pay this class "a nonnegotiable non-interest bearing promissory note for ten percent (10%) of their respective allowed claim to be paid in equal monthly payments for a term of ten (10) years." Unlike the payments to the FTC, the distribution to Class VII is not contingent upon the available net cash flow of the Debtor.

Section 1122 of the Bankruptcy Code provides that a class may only contain similar claims or interests, and a plan may designate a separate class "consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience." 11 U.S.C. § 1122(b). The adopted rule of proper classification is that "[d]issimilar claims may not be classified together; similar claims may be classified separately only for a legitimate reason." *Aetna Cas. & Sur. Co. v. Clerk, United States Bankruptcy Court (In re Chateaugay Corp.)*, 89 F.3d 942, 949 (2d Cir.1996).

The main purpose of classification is to "recognize a difference in rights of creditors which calls for a difference in treatment." *In re Gillette Assocs., Ltd.*, 101 B.R. 866, 872 (Bankr.N.D.Ohio 1989). If the classifications are designed to manipulate class voting, or if the classification scheme violates basic priority rights, the plan cannot be confirmed. *Olympia & York Florida Equity Corp., v. Bank of New York (In re Holywell Corp.)*, 913 F.2d 873, 880 (11th Cir.1990). The separate classification of similarly situated claims violates section 1122 and is deemed to be improper separation of claims to manipulate voting. *In re Austin Ocala Ltd.*, 152 B.R. 773, 775 (Bankr.M.D.Fla.1993). The proponent of the plan must demonstrate a justification for its classification scheme and that the classification is not motivated by the purpose of gerrymandering an affirmative vote of an impaired class. *In re Holley Garden Apartments, Ltd.*, 223 B.R. 822, 824–825 (Bankr.M.D.Fla.1998).

Applying the foregoing case law to the facts of this case, this Court cannot find any justification for the separate classification. The Debtor argues that he has good business reasons to separately classify but does not state what they are. The Debtor states that he has filed an appeal of

the FTC's judgment in the Seventh Circuit Court of Appeals. The Debtor argues that this is his justification and that there is no evidence in the record to demonstrate that he is attempting to "gerrymander" the voting.

■ On the other hand, the FTC is correct in its argument that this Court has already determined that the FTC has an allowed general unsecured claim and that the Debtor did not appeal this ruling. Since the legal status of the claim and not its disputed status is the appropriate focus of classification, the segregation of unsecured claims that are disputed is improper. *See In re Midway Invs., Ltd.,* 187 B.R. 382, 392 (Bankr.S.D.Fla.1995).

■ The claim of the FTC, as set forth in Class VI, and the claims of the other unsecured creditors, as set forth in Class VII, are similar claims and cannot be segregated. It is without dispute that the Debtor's proposed segregation and subordination of the FTC's claim to those of the other unsecured creditors is improper. The plan cannot provide for disparate treatment of claims that have identical legal rights. *See Oxford Life Ins. Co. v. Tucson Self–Storage, Inc.,* 166 B.R. 892, 898 (9th Cir. BAP 1994). In the last analysis, this Court is satisfied that the Plan as proposed was motivated by gerrymandering because it is quite clear that in the end, the FTC would dominate Class VII and that the Debtor would not have obtained the affirmative vote needed of an impaired class.

Having concluded that the separate classification of the FTC claim is impermissible and in violation of 11 U.S.C. § 1122, as a matter of law, the Third Amended Plan of Reorganization cannot satisfy the requirements of 11 U.S.C. § 1129. Therefore, this Court is satisfied that the Plan as written cannot be confirmed and confirmation must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the proposed separate classification of the FTC in Class VI be, and the same is hereby, determined to be impermissible and in violation of 11 U.S.C. § 1122. It is further

ORDERED, ADJUDGED AND DECREED that confirmation of the Third Amended Plan of Reorganization be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall conduct a hearing with notice to all parties in interest on September 14, 2004, beginning at 11:00 a.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to consider dismissal or conversion of this case to Chapter 7.